372

ADOLPH SALES v. ELMORE B. TAUBER.

Decided June 20, 1929.

*Rudolpf Licht,* for the plaintiff.
*Sanford A. Headley,* for defendant.

SHOOK, J.

Plaintiff herein for his cause of action alleges that defendant, a physician, entered into a special agreement by which defendant warranted that there would be no permanent after-effects to plaintiff as the result of the treatments.

The answers to the interrogatories, attached to the petition, show that defendant was employed by plaintiff on April 8, 1922, and that the relationship of physician and patient did not cease until February 4, 1924. Plaintiff alleges in his petition that in the Autumn of 1923, he was seventeen (17) years of age. The petition was filed on March 5, 1929, so that he was twenty-one (21) years of age in the Autumn of 1927. Therefore, on the face of the petition more than one year had expired between the time plaintiff became of age and the date of the filing of the petition. Further, at the time the relationship of physician and patient ceased, plaintiff was either eighteen (18) or nineteen (19) years of age.

To this petition, defendant has filed a demurrer on the ground that this being a malpractice suit, the Statute of Limitations was a bar to this action at the expiration of one year after plaintiff became of age.

Section 11225 G. C., reads:

"An action for libel, slander, assault, battery, malicious prosecution, false imprisonment or malpractice, or upon a statute for a penalty or forfeiture, shall be brought within one year after cause thereof accrued."

In this connection, Section 11229 General Code would permit plaintiff to file his action within one year after the disability of minority had expired. Plaintiff argues that this is not a malpractice suit, but is based on the breach of an express warranty; that Section 11225 G. C., *supra,* does not apply, and that he had six years after the expiration of disability of minority within which to file his action. See Section 11222 G. C.

It is well settled in Ohio that the relation of physician and patient is one arising out of a contract, express or implied. An act of malpractice committed during the continuance of the contract, will not be barred until the expiration of one year after the contractual relation has been terminated. *Bowers* v. *Santee,* 99 O. S., 361; *Gillette* v. *Tucker,* 67 O. S., 106.

We quote the following definition of "malpractice," Words and Phrases, Vol. 4 (third series), 1069:

" 'Malpractice' means any professional misconduct, unreasonable lack of skill or fidelity in professional or fiduciary duties, evil practice, or illegal or immoral conduct."

Also the definition from Webster's New International Dictionary (1929):

"The treatment of a case by a surgeon or physician in a manner contrary to accepted rules, and with injurious results to the patient; hence, any professional misconduct or any unreasonable lack of skill or fidelity in the performance of professional or fiduciary duties; wrong doing, etc."

This exact question was raised in the case of *Gillette* v. *Tucker,* 67 O. S., 107, *supra.*

In the opinion, at page 117, the facts narrated show that the doctor was to perform an operation and render subse-

quent treatment for $25, and according to the husband's testimony, this amount was to be paid as soon as the wife was cured. On page 118, the wife's testimony as to the contract is as follows: quoting the agreement of the doctor:

"I will take your case and attend to your wife for $25.00."

The language of the court on page 126 is significant:

"Therefore, if we call malpractice a tort in this case, it is a tort growing out of a breach of contract which the law implies from the surgeon's employment and undertaking to perform the operation. We have seen that it was a continuous obligation and recognized by the law, and it was alive and binding so long as the relation of physician and patient subsisted."

Syllabus 2, reads:

"It is the duty of the physician and surgeon to exercise due and ordinary skill, care and attention not only in and about an operation which he decides to be necessary, but also, in the absence of a mutual understanding, or notice to the contrary, to render such continued further care and treatment as the necessity of the case requires; and he is liable for injuries and damages which proximately result from the want of such ordinary skill, care and attention."

We therefore, conclude that all malpractice cases of this nature arise out of contractual relations. The contract imposes a legal duty upon the physician, or attorney, as the case may be, and the neglect of that duty, is a tort.

It is elementary that a tort may be dependent on or independent of a contract.

The term malpractice has a well defined and well known meaning. Unquestionably, the legislature intended to bar all actions based upon professional misconduct one year after the cessation of the professional relationship. Of course, the period is extended by statute for one year after certain disabilities have been removed.

Therefore, the demurrer of defendant must be, and hereby is, sustained. An entry should be presented accordingly.